IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW WIGGINS,

       Plaintiff,

v.                                                    No. CV 11-0967 MV/RHS

DEANNA HOISINGTON,
CALVIN ROBINSON,

       Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint and several amended pleadings (together the "complaint"). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. On May 14, 2012, he made the statutory initial partial payment toward the filing fee. *See* § 1915(b)(1).

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal

standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants have violated Plaintiff's right of freedom of religion under the First Amendment. Specifically, Defendants Hoisington and Robinson denied him a kosher/halal diet in required by his Muslim beliefs and prohibited certain traditional worship services. In his amended pleadings (Docs. 7, 10, 11), he asserts a retaliation claim against an additional Defendant, Mr. Jerry Roark. The complaint seeks damages and equitable relief.

The first issue before the Court is that of proper parties to this action. In Plaintiff's first motion to amend (Doc. 7), he asks the Court to join Rodman Lee as an additional Plaintiff. The Court notes that the motion, which asserts claims and appears to constitute the first amended complaint, *see* Fed. R. Civ. P. 15(a)(1), is not signed by Mr. Lee. In an action under § 1983, "a litigant may only assert his own constitutional rights or immunities." *United States v. Raines*, 362 U.S. 17, 22 (1960); *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) ("The general rule . . . is that a plaintiff must assert his own constitutional rights."); *and see Rueb v. Zavaras*, No. 11-1506, 2013 WL 135840, at *2 (10th Cir. Jan. 11, 2013) (noting with approval district court's denial of joinder of additional plaintiffs); *Pinson v. Whetsel*, No. CIV-06-1372-F, 2007 WL 428191, at *1 (W.D. Okla. Feb. 1, 2007) (denying request by prisoner proceeding IFP to join co-plaintiffs). Furthermore, Plaintiff's subsequent pleadings make no mention of Mr. Lee. The Court will deny Plaintiff's request to join Mr. Lee as an additional Plaintiff, without prejudice to Mr. Lee's right to file his own complaint.

In Plaintiff's second motion to amend (Doc. 10), he identifies James Lopez as a Defendant and asserts a claim against him. In Plaintiff's very next filing (Doc. 11), however, he states that "James Lopez . . . is removed from this complaint." The Court construes this statement as Plaintiff's

voluntary dismissal of his claim against Defendant Lopez under Fed. R. Civ. P. 41(a)(1)(A), (A)(i), *see Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (affirming construction of "pro se letter . . . requesting that the case be dismissed without prejudice" as a notice of dismissal under rule 41(a)(1)(A)); *and see Plains Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 255 (5th Cir. 1973) ("[I]t was intended by the rule-makers to permit dismissal against such of the defendants as have not served an answer or motion for summary judgment, despite the fact that the case might remain pending against other defendants."). Because Plaintiff has dismissed his claim against Mr. Lopez (Doc. 11), the Court will deny as moot his request (Doc. 10) to add Mr. Lopez as a named Defendant.

Last, Plaintiff filed a motion for reconsideration (Doc. 13) and a certificate of appealability (Doc. 14) challenging the Court's order to show cause (Doc. 12). In the order, the Court denied Plaintiff's motions to amend as moot and ordered an initial partial payment of the filing fee. Plaintiff appears to misapprehend the order, which denied his requests to amend because leave of the Court was not required. Plaintiff's proposed amended pleadings are construed as part of his complaint. Also, Plaintiff has made the initial partial payment (Doc. 15).

IT IS THEREFORE ORDERED that the Clerk is directed to add Mr. Jerry Roark to the docket as a Defendant;

IT IS FURTHER ORDERED that Plaintiff's requests to join Rodman Lee as a Plaintiff and James Lopez as a Defendant are DENIED;

IT IS FURTHER ORDERED that the Order to Show Cause (Doc. 12) is QUASHED;

IT IS FURTHER ORDERED that Plaintiff's motion for reconsideration and certificate of appealability (Docs. 13, 14) are DENIED;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of Plaintiff's pleadings (Docs. 1, 7, 10, 11), for Defendants Hoisington, Robinson, and Roark.

_____
UNITED STATES DISTRICT JUDGE