IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW WIGGINS,

    Plaintiff,

v.

                                                        Civil No. 11-967 MV/RHS

DEANNA HOISINGTON, CALVIN ROBINSON,
and JERRY ROARK,

    Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Plaintiff's Motion For Order To Show Cause for a Preliminary Injunction and a Temporary Restraining Order (Doc. 27) filed May 30, 2013 ("Motion for Injunction"). By Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases and Immigration Habeas Corpus Proceedings, filed December 14, 2011, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case (Doc. 8). The Court having reviewed all relevant documents and legal authority concludes that Plaintiff is not entitled to injunctive relief and recommends that the Motion for Injunction (Doc. 27) be DENIED.

**BACKGROUND**

Plaintiff is currently incarcerated at the Penitentiary of New Mexico located in Santa Fe, New Mexico and is proceeding *pro se* and *in forma pauperis* (Doc. 2). Plaintiff alleges violations of 42 U.S.C. § 1983 and the First and Fourteenth Amendments. Plaintiff's Complaint, which includes several documents that are construed as amended complaints (Docs. 7, 10 and 11), alleges that Defendants prevented Plaintiff from practicing his religion by refusing to provide him with a

halal[1] diet, not allowing Plaintiff to participate in Friday Juma'ah prayer services, and denying him possession and use of prayer oils (Doc. 1 at 9 -13).   Plaintiff seeks compensatory and injunctive relief.   Id.   The Motion for Injunction seeks additional relief wherein Plaintiff requests this Court Order Defendants to transfer Plaintiff to another facility (Doc. 27 at 2).   The alleged events and circumstances giving rise to Plaintiff's claims occurred while he was incarcerated at Western New Mexico Correctional Facility (Doc. 1).

Plaintiff's Motion for Injunction seeks an Order (1) transferring Plaintiff from Penitentiary of New Mexico to Central New Mexico Correctional Facility located in Los Lunas, New Mexico (Doc. 27 at 2); (2) ordering Defendant Roark to "hand down a directive" to provide Plaintiff with halal meals (Doc. 27 at 3) and; (3) requesting a temporary restraining order from retaliation (Doc. 27 at 5).   Defendants filed their Response to Plaintiff's Motion for Preliminary Injunction (Doc. 29) on June 14, 2013 ("Response").   Defendants argue that Plaintiff has failed to demonstrate the necessary elements to grant Plaintiff's Motion for Injunction.   Id.   They further assert that Plaintiff raises new claims pertaining to Plaintiff's alleged mental health conditions (Doc. 29 at 3). Plaintiff filed a Reply (Doc. 34) on June 21, 2013, wherein Plaintiff argues that his Motion should be granted because he has demonstrated irreparable harm and met his burden (Doc. 34 at 1).   In his Reply, Plaintiff, for the first time, raises allegations that he has tried to commit suicide and had nervous breakdowns as a result of the constitutional violations (Doc. 34).   On June 24, 2013, Plaintiff filed a Declaration (Doc. 33).   Defendants filed their Response to Plaintiff's Declaration contending that the Declaration was improper because it does not "support a motion filed pursuant

---

1   The word "halal" has been used in describing Islamic dietary traditions among Muslims.   "According to the Islamic Food and Nutrition Council of America (IFANCA) and Islamic Services of America (ISA), a 'halal,' or 'lawful' diet, prohibits items deemed 'haram' (or 'unlawful'). Abdulhadeeb v. Calbone, 600 F.3d 1301, 1313 (10th Cir. 2010).

to Fed. R. Civ. P. 56" (Doc. 37 at 2). They further argue that because there is no "motion that clearly states the particular allegation the declaration supports, Defendants are unable to meaningfully respond." Id.

## **LEGAL STANDARD**

A preliminary injunction is an extraordinary equitable remedy "designed to preserve the relative positions of the parties until a trial on the merits can be held." Westar Energy, Inc. v. Lake, 552 F.3d 1215, 1224 (10th Cir. 2009) (citing Univ. of Tex. v. Camenisch, 451 U.S. 390, 395, (1981) *(internal quotations omitted)*. A party seeking a preliminary injunction bears the burden of demonstrating: (1) that he will suffer irreparable harm unless the injunction issues; (2) that there is a substantial likelihood that movant will ultimately prevail on the merits; (3) that the threatened injury to the movant outweighs the harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest. Awad v. Ziriax, 670 F.3d 1111, 1126 (10th Cir. 2012). "Plaintiff bears the burden of establishing by clear proof his right to an injunction, mere allegations are insufficient." Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC., 562 F.3d 1067, 1070 (10th Cir. 2009). Plaintiff must demonstrate that he will succeed on the merits and that he will suffer irreparable injury unless the Court grants relief. Penn v. San Juan Hospital, Inc., 528 F.2d at 1185.

Courts routinely note that "a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction" and that "the moving party must first demonstrate such injury is likely before the other requirements for the issuance of an injunction will be considered." West v. Denver County Jail Warden, 2008 WL 732600, *7 (D.

Colo. 2008) (citing Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 356 F.3d 1256, 1260 (10th Cir.2004) (citations omitted).   Preliminary injunctions serve a limited purpose of preserving the status quo until a trial on the merits.   Keirnan v. Utah Transit Authority, 339 F.3d 1217, 1220 (10th Cir. 2003) (citing Tri-State Generation and Transmission Ass'n, Inc. v. Shoshone River Power, Inc., 805 F.2d 351, 354 (10th Cir. 1986)).   Courts disfavor three types of preliminary injunctions: (1) preliminary injunctions that alter the status quo, (2) mandatory preliminary injunctions which require the nonmoving party to take an affirmative action, and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a trial on the merits.   RoDa Drilling Co. v. Siegal, 552 F.3d 1203, 1208 (10th Cir. 2009); Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001).

   Here, Plaintiff seeks a mandatory preliminary injunction requiring Defendants to transfer him from Penitentiary of New Mexico to the Central New Mexico Correctional Facility.   Plaintiff further seeks a preliminary injunction requiring Defendant Roark to provide Plaintiff with halal meals which would afford Plaintiff with the relief he might be able to recover after a trial on the merits.   The forms of relief sought by Plaintiff "constituted specifically disfavored injunctions" that courts routinely scrutinize more closely.   RoDa Drilling Co., 552 F.3d at 1208.   "Such disfavored injunctions must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."   Schrier v. University of Co., 427 F.3d 1253, 1259 (10th Cir. 2005) (citing O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 972 (10th Cir. 2004).   "Before a court may grant such relief, the movant must make a heightened showing of the four factors."   Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010).

### A.
### Plaintiff Fails To Demonstrate That He Is Entitled To A Preliminary Injunction Ordering Defendants To Transfer Plaintiff To Central New Mexico Correctional Facility

First, Plaintiff must show that he will suffer irreparable injury if his request for preliminary injunction is denied. West, 2008 WL 732600 at *7. The party seeking injunctive relief must show that "the injury complained of is of such imminence that there is a clear and present need for equitable relief." Schrier v. University of Co., 427 F.3d 1253, 1267 (10th Cir. 2005) (citing Heideman v. South Salt Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003)). Plaintiff's Motion for Injunction initially claims that he needs to be transferred to Central New Mexico Correctional Facility to be in "an environment appropriate for his needs" and that the Court should order Defendants to transfer Plaintiff (Doc. 27). Plaintiff contends that he is in need of the "mental health treatment center" that is located at the Central New Mexico Correctional Facility to "help this inmate cope" (Doc. 27 at 2). Not until Plaintiff filed his Reply (Doc. 34) did Plaintiff make any allegations that the actions of the Defendants have caused him to attempt suicide or suffer a nervous breakdown. He offers no evidence of his mental and emotional condition beyond conclusory allegations. Plaintiff introduces a Motion for Treatment that may have been filed in the state court, but is not file stamped (Doc. 27 at 8). Plaintiff does not attach an order resolving the Motion for Treatment (Doc. 27 at 8). This is not evidence of Plaintiff's alleged suicidal tendencies or other irreparable harm. Moreover, Plaintiff does not raise any other claims of harm beyond unsubstantiated claims of self-inflicted harm (Doc. 34). Defendants argue that Plaintiff fails to demonstrate that he "can meet any of the four prongs required for a preliminary injunction" (Doc 29 at 3). Furthermore, Defendants contend that Plaintiff is attempting to raise new claims through the Motion for Injunction, specifically, alleging

5

mental health claims not previously alleged until now.  Id.  The Court does not find that Plaintiff has alleged sufficient facts to support a finding of irreparable injury.

Even if Plaintiff's alleged claims of harm were sufficient to find irreparable injury, the second factor requires Plaintiff to prove the likelihood of success on the merits of his claim. Awad v. Ziriax, 670 F.3d at 1126.  Plaintiff claims that he has proven that the Defendants violated his constitutional rights and therefore, the Court should issue the injunction (Docs. 27 and 33). He does not specifically address success on the merits with regard to his transfer request. Plaintiff's conclusory allegations of constitutional violations fail to demonstrate that he would more than likely succeed on the merits.  The Court finds that Plaintiff fails to meet his burden to show likelihood of success on the merits.

The third factor requires the Court to determine if the injury to a plaintiff outweighs any injury the opposing party will suffer under the injunction.  Awad v. Ziriax, 670 F.3d at 1132. Again, Plaintiff does not address this factor specifically nor does he demonstrate that he faces any injury, beyond his assertion of self-inflicted injury.  Plaintiff offers no evidence that any injury outweighs the harm to the Defendants if a preliminary injunction were to issue.  Therefore, the Court finds that Plaintiff fails to meet his burden to show any injury outweighs the harm to the Defendants.

The fourth factor requires Plaintiff to demonstrate that the injunction would not be contrary to the public interest.  Awad v. Ziriax, 670 F.3d at 1126.  Plaintiff offers vague allegations that his transfer to Central New Mexico Correctional Facility is in the public interest (Doc. 27 at 2). He does not explain how his transfer is in the public interest.  The Court finds that Plaintiff does not meet his burden to prove that the injunction would not be contrary to the public interest.

The Court is not persuaded that Plaintiff faces immediate and irreparable harm if he is not transferred. Plaintiff fails to demonstrate how any of the factors required for the issuance of a preliminary injunction have been met. The Court concludes that Plaintiff has not met his burden of proof and, therefore, recommends that Plaintiff's request that Defendants be ordered to transfer Plaintiff to Central New Mexico Correctional Facility should be denied.

**B.**
**Plaintiff Cannot Demonstrate That He Is Entitled To A Preliminary Injunction Ordering Defendant Roark To Provide Halal Meals To Plaintiff**

Plaintiff's Motion for Injunction also seeks an order directing Defendant Roark to provide Plaintiff with halal meals (Doc. 27). As discussed previously, first Plaintiff must demonstrate irreparable harm. West, 2008 WL 732600 at *7. Plaintiff asserts that he faces irreparable harm and alleges that he "suffers from ongoing prison conditions" (Doc. 34). He further asserts that "it is well documented on how and why" he faces irreparable harm because "Plaintiff keeps trying to take his own life" (Doc. 34 at 2). Plaintiff vaguely asserts that Defendants do not demonstrate any legitimate penological "goal" for their actions. Id. Whether there is a legitimate penological goal is irrelevant to the demonstration of irreparable harm. In an effort to support his contentions, Plaintiff attaches an email that was sent by Defendant Roark on September 20, 2011, which states that the "main menu meets the dietary restrictions of these faith groups" specifically identifying "hallel (sic) and kosher diets" (Doc. 34 at 8). If the main menu satisfies these dietary requirements, Plaintiff cannot make a colorable claim that he will face irreparable harm by Defendant Roark not providing a different meal. Therefore, the Court finds that Plaintiff does not meet his burden for irreparable injury.

The second factor requires the Plaintiff to demonstrate that there is a substantial likelihood

that he will prevail on the merits.  Awad v. Ziriax, 670 F.3d at 1126.  Plaintiff argues that halal meals are required by his religion and are in fact a "central tenet" of his religion.  Id.  He apparently relies on this explanation to support his claims that he will succeed on the merits because he is "fighting for rights that were taken away."  Id.  He states that the facts are undisputed and entitle him to judgment in his favor.  Again, Plaintiff seeks a mandatory preliminary injunction that if granted would entitle Plaintiff to the relief that might be available after a trial on the merits.  As discussed above, these types of injunctions are generally disfavored and subject Plaintiff to a heightened burden of proof.  RoDa Drilling Co., 552 F.3d at 1208.  Moreover, the email from Defendant Roark stating that the "main meal" provided to all inmates meets the dietary requirements of the halal meal is evidence demonstrating Plaintiff's inability to prove likelihood of success on the merits.  The Court finds that Plaintiff fails to meet his burden as to the second factor.

Plaintiff does not provide any evidence or arguments to support the third and fourth factors required to support the issuance of a preliminary injunction.  For the third factor, Plaintiff offers no evidence that he will suffer any harm because he is not receiving a meal designated as "halal."  Plaintiff must demonstrate that the harm to Plaintiff outweighs the harm that the proposed injunction may cause the opposing party.  Awad v. Ziriax, 670 F.3d at 1126.  Plaintiff does not identify any harm other than alleged self-inflicted harm.  In fact, the evidence suggests that the regular menu meets the restrictions of the halal meal.  Therefore, Plaintiff fails to meet his burden to demonstrate that harm to himself outweighs any harm that the injunction may cause the Defendants.

In support of the fourth factor, Plaintiff vaguely states that Defendants have violated his

8

constitutional rights and that "the free exercise of religion in prison is obviously in the public interest" (Doc. 27 at 4). Plaintiff does not explain how receiving a halal meal is in the public interest. Moreover, he does not explain how the injunction would not be contrary to the public interest. Awad v. Ziriax, 670 F.3d at 1126. Defendants argue that injunctive relief would limit the prison's ability to maintain safety and order which would be adverse to the public interest (Doc. 29 at 4). In light of the evidence that the regular meal meets the dietary restrictions of the halal meal (Doc. 34 at 8), the Court finds that Plaintiff fails to meet his burden to demonstrate how the injunction would not be contrary to the public interest. The Court concludes that Plaintiff has not alleged any facts that would support the issuance of a preliminary injunction with regard to halal meals. Therefore, the Court recommends Plaintiff's Motion be denied.

### C.
### Plaintiff Cannot Demonstrate That He Is Entitled To A Preliminary Injunction Or A Restraining Order From Retaliation And To Preserve The Status Quo

Finally, Plaintiff states that he is seeking a restraining order to prevent the Defendants from retaliating and to maintain the status quo (Doc. 27 at 5). He does not allege any facts that he has been retaliated against for filing his Complaint, that Defendants have threatened retaliation or that he has suffered any injury from retaliation. Plaintiff offers conclusory allegations without any factual support and fails to address the four Awad requirements to support issuance of an injunction. The Court therefore concludes that Plaintiff has failed to meet his burden, and recommends that the Plaintiff's request for a restraining order be denied.

### RECOMMENDED DISPOSITION

The Court concludes that Plaintiff is not entitled to any relief with respect to the claims raised in his Motion for Preliminary Injunction (Doc. 27). Therefore, the Court recommends that

Petitioner's Motion (Doc. 27) be DENIED.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition.   A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations.   If objections are not filed, appellate review will not be allowed.

*Robert Hayes Scott*
ROBERT HAYS SCOTT
UNITED STATES MAGISTRATE JUDGE