IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW HIGGINS,

        Plaintiff,

v.                                                                                         No. 1:11-cv-967 KG/RHS

DEANNA HOISINGTON, et al.,

        Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION REGARDING PLAINTIFF'S
MOTION FOR CERTIFICATION AND INTERVENTION RULE 5.1**

**THIS MATTER** is before the Court on Plaintiff's Motion for Certification and Intervention Rule 5.1 filed on April 3, 2013 ("Motion") (Doc. 20). Plaintiff asserts that he is making a challenge to a statute. Id. at 1. Plaintiff states that he is "call[ing] into question . . . the First Amendment Right to the Free Exercise of Religion." Id. Plaintiff's Motion alleges all of the same facts contained in his Complaint claiming violation of his First and Fourteenth Amendment rights (Docs. 1, 7, 10 and 11). Defendants have failed to file and serve a timely response in opposition to the Motion which constitutes consent to grant the motion pursuant to D.N.M.LR-Civ. 7.1(b). Notwithstanding Defendants' failure to file a timely response to the Motion, the Court considered the Motion and all of the filings on record in the above captioned cause and concludes that Plaintiff's Rule 5.1 argument is without merit and recommends denial of Plaintiff's Motion.

      Federal Rule of Civil Procedure 5.1 provides for a party's constitutional challenge of a federal or state statute. Fed. R. Civ. P. 5.1. Rule 5.1 identifies the method of notice, certification by the Court and deadline for intervention by the appropriate attorney general. Fed. R. Civ. P. 5.1

1

(a-c). Plaintiff appears to be challenging the constitutionality of the First Amendment but he alleges similar facts to those contained in his Complaint (Docs. 1, 7, 10 and 11). He requests the same relief that is sought in his Complaint and other filings in this lawsuit. Plaintiff requests injunctive relief which is also sought in his Motion for Order to Show Cause For Preliminary Injunction (Doc. 27) and was denied by the Court on January 29, 2014 (Doc. 50). The Motion further requests the addition of "more [M]uslims to his complaint" to convert the lawsuit to a class action (Doc. 20 at 7). Nothing in the Motion addresses the constitutionality of the First Amendment or any other federal or state statute, in fact, it is a recitation of the facts and relief sought by the Plaintiff in this cause. For this reason, the Court concludes that the Motion lacks merit and recommends dismissal.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

*Robeet Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE