**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MATTHEW WIGGINS,

        Plaintiff,

v.                                        No. 1:11-cv-967 KG/RHS

DEANNA HOISINGTON, et al.,

        Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION REGARDING PLAINTIFF'S RLUIPA CLAIMS**

    **THIS MATTER** is before the Court *sua sponte* on its review of the record.   In this lawsuit, Plaintiff claims that Defendants have violated his rights to practice his religious beliefs contrary to the United States Constitution and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc *et seq*. ("RLUIPA").   (See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint"), filed on October 28, 2011, [Doc. 1]).   Plaintiff filed three additional pleadings styled as motions seeking leave to amend his complaint but the Court construes these filings as Amended Complaints (Docs. 7, 10 and 11).   The Court, having considered the record in the above captioned cause, recommends (1) dismissal of Plaintiff's RLUIPA claims for monetary damages against Defendants in their official capacities, (2) dismissal of Plaintiff's claims for declaratory and injunctive relief under RLUIPA against Defendants Deanna Hoisington and Calvin Robinson, and (3) dismissal of RLUIPA claims against Defendants in their personal capacities.

    Plaintiff contends that while incarcerated at Western New Mexico Correctional Facility ("WNMCF") Defendants violated "my rights to the First and Fourteenth Amendments." Id. at 13. Plaintiff alleges, inter alia, that Defendants improperly denied him access to certain items,

religious services and diet related to his Muslim faith.   Plaintiff generally claims, although

inarticulately, that Defendants violated Plaintiff's religious rights deliberately (1) to discourage the

Islamic inmate membership from participating in their religious activities, (2) by refusing to

provide appropriate "halal" meals and (3) by retaliating against Plaintiff and other Muslim inmates

(Docs. 1, 7, 10, and 11).   Plaintiff alleges that Defendants' violations have affected Plaintiff's

sleep, way of life, thinking, religious beliefs and traditions (Doc. 7 at 17).   Plaintiff seeks

monetary damages, declaratory relief and injunctive relief.

> *RLUIPA claims against defendants in their official capacities*

To the extent that Plaintiff asserts RLUIPA claims for monetary damages against the State

and/or the individual Defendants in their official capacities, such claims must be dismissed.   The

Supreme Court of the United States held that the States did not "by accepting federal funds,

consent to waive their sovereign immunity to suits for money damages under" RLUIPA.

Sossamon v. Texas, 131 S.Ct. 1651, 155 (2011).   Thus, the Court concludes that Plaintiff's

RLUIPA claims for monetary damages against Defendants in their official capacities should be

dismissed.

Although Plaintiff remains incarcerated by the New Mexico Department of Corrections, it

appears that he was transferred from WNMCF to the Penitentiary of New Mexico in Santa Fe on

November 15, 2011 (Doc. 6, Notice of Change of Address; Doc. 38 at 2).   Thus, it appears that

Plaintiff's claims for declaratory and injunctive relief against Defendants Deanna Hoisington and

Calvin Robinson are moot.   Jordan v. Sosa, 654 F.3d 1012, 1027 (10th Cir. 2011) (transfer

between prisons moots claims for declaratory and injunctive relief against officials at former

prison); Abdulhaseeb v. Calbone, 600 F.3d 1301, 1311 (10 Cir. 1997) (same).   In addition,

Defendant Hoisington retired from the Department of Corrections effective January 1, 2013 (Doc.

21).   Accordingly, Plaintiff's RLUIPA claims for declaratory and injunctive relief against Defendants Hoisington and Robinson should be dismissed as moot.   Plaintiff's RLUIPA claims for declaratory and injunctive relief against Jerry Roark remain.

> *RLUIPA claims against defendants in their personal capacities*

RLUIPA provides that a plaintiff may assert a violation "in a judicial proceeding and obtain appropriate relief against a *government*." 42 U.S.C. § 2000cc-2(a) (emphasis added).   However, RLUIPA apparently "does not create a cause of action for damages against individuals."   Harris v. Schriro, 652 F. Supp. 2d 1024, 1029 (D. Ariz. Aug. 11, 2009) (citing Sossamon v. Lone Star State of TX, 560 F.3d 316, 328-29 (5th Cir. 2009), 560 F.3d Nelson v. Miller, 570 F.3d 868, 889 (7th Cir. 2009); Smith v. Allen, 502 F.3d 1255, 1272 (11th Cir. 2007)); see also Rendelman v. Rouse, 569 F.3d 182, 184 (4th Cir. 2009).   The Court finds the reasoning of these courts persuasive. More than one District Court in the Tenth Circuit has similarly concluded that RLUIPA does not provide for suits against Defendants in their individual capacity."   Jotunbane v. Sedillo, 2010 WL 1781922, at *4 (D.N.M. Civ. No. 06-809 JB/RHS, Apr. 20, 2010); see also Boles v. Neet, 402 F. Supp. 2d 1237, 1240 (D. Colo. 2005) (stating that RLUIPA "permit[s] cases against a governmental entity, but not against an individual officer, except perhaps in his or her official capacity" (citations omitted; emphasis added)).   Accordingly, the Court concludes that Plaintiff's RLUIPA claims against Defendants in their personal capacities should be dismissed.

## Conclusion and Recommendation

Having concluded that Plaintiff's monetary claims under RLUIPA should be dismissed against Defendants in their official capacities, that Plaintiff's RLUIPA claims for declaratory and injunctive relief against Defendants Hoisington and Robinson should be dismissed and that all RLUIPA claims against Defendants in their personal capacities should be dismissed, the Court

respectfully recommends that Plaintiff's RLUIPA claims seeking monetary damages set forth in his Complaint, RLUIPA claims for declaratory and injunctive relief against Defendants Hoisington and Robinson, and RLUIPA claims against Defendants in their personal capacities be dismissed.   Plaintiff's claims for declaratory and injunctive relief against Jerry Roark under RLUIPA remain.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.   A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.   If no objections are filed, no appellate review will be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE