IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW WIGGINS,

        Plaintiff,

v.                                                                                                          No. 1:11-cv-967 KG/RHS

DEANNA HOISINGTON, et al.,

        Defendants.

**MAGISTRATE JUDGE'S PROPOSED
FINDINGS AND RECOMMENDED DISPOSITION
REGARDING DEFENDANTS' MOTION TO DISMISS**

**THIS MATTER** is before the Court on Defendants' Motion To Dismiss And Brief Pursuant To The Court Order Regarding Exhaustion Of Administrative Remedies ("Motion") (Doc. 38). The Court having reviewed Defendants' Motion (Doc. 38), Plaintiff's Response (Doc. 41), Defendants' Reply (Doc. 43) and the record in the above referenced cause, and being otherwise fully advised, recommends that Defendants' Motion to Dismiss be GRANTED in part and DENIED in part.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was transferred to the Western New Mexico Correctional Facility ("WNMCF") on March 15, 2011 from Guadalupe County Correctional Facility (Doc. 38 at 2). On October 28, 2011, Plaintiff filed a *pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983 in the United States District Court (Doc. 1) alleging Defendants violated his First and Fourteenth Amendment rights. On November 15, 2011, Plaintiff was transferred to Penitentiary of New Mexico located in Santa Fe, New Mexico (Doc. 38 at 2; Doc. 6). After he was transferred, Plaintiff filed several pleadings seeking leave to amend which the Court construes as amended complaints (Docs. 7, 10,

and 11).   In these filings, Plaintiff sought to add defendants and another plaintiff to this proceeding.   Id.   The Court considered Plaintiff's amendments and allowed the addition of Mr. Jerry Roark as a defendant (Doc. 16).   The Court denied Plaintiff's remaining requests to add James Lopez as an additional defendant, or to add Rodman Lee as a plaintiff.   Id.

Essentially, Plaintiff claims that his rights were violated because he was denied a proper religious diet, prayer oils, and Juma'ah prayer (Doc. 1, 7, 10, and 11).   He further asserts that he was harassed by Defendant Calvin Robinson and that Defendant Jerry Roark has retaliated against him by denying him a halal religious diet.   Id.   Plaintiff seeks compensation as well as declaratory and injunctive relief for violation of his civil rights.   Id.

On April 29, 2013, Defendants Calvin Robinson and Jerry Roark filed their Answer (Doc. 23) and on June 20, 2013, Deanna Hoisington filed her Answer (Doc. 32).   Defendants asserted as an affirmative defense that Plaintiff failed to exhaust his administrative remedies required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA").   On June 25, 2013, the Court issued an Order directing Defendants to brief whether Plaintiff complied with the PLRA's exhaustion requirement prior to filing his Complaint in this case (Doc. 35).

## LEGAL STANDARD AND ANALYSIS

The exhaustion requirement of the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997e *et seq*. provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  Jones v. Bock, 127 S. Ct. 910, 918-19 (2007); see also, Griffin v. Romero, 399 Fed.Appx. 349, 350 (10th Cir. 2010) (citing Porter v. Nussle, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)).  This includes actions seeking monetary damages that could not be granted by the administrative process.  Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2382-83 (2006).  Exhaustion requirements exist to allow "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  Id. at 93-4.  In Jones v. Bock, the Supreme Court considered the issue of how courts should proceed when prisoners have filed civil rights complaints containing exhausted and unexhausted claims.  127 S. Ct. at 923.  The Supreme Court rejected the total exhaustion rule and instructed courts to proceed with exhausted claims and dismiss unexhausted claims without prejudice.  Id. at 926.

In order to satisfy the exhaustion requirements of the PLRA, an inmate must not only initiate a grievance in the proper fashion, but must fully complete the entire administrative process.  Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).  This is required even when the procedures seem futile.  Id.

The New Mexico Corrections Department's Policy CD-150500, Inmate Grievances (Doc. 38 at 4, 38-1 at 50) was in effect at the time of the incident alleged in the Complaint.  The policy details the grievance procedures available to inmates at the time Plaintiff was incarcerated.  Id.  Also, the policy specifically requires that "[t]he inmate shall explain in detail his/her complaint" (Doc. 38-2 at 1).  Plaintiff was subject to these grievance procedures at the time he filed his Complaint.

NMCD Policy CD-150501.A.1 requires an inmate to file an informal grievance within five (5) days of the incident to be grieved, followed by a formal grievance filed within twenty (20) of

the incident to be grieved (Doc. 38 at 4-5, Doc. 38-1 at 50-57, Doc. 38-2 at 1-6). The grievance officer has twenty (20) days to investigate and present findings to the Warden. Id. A decision by the Warden must issue within fifteen (15) days of receipt of the findings of the grievance officer. Id. If unsatisfied with the decision, the inmate must appeal to the Secretary within seven (7) calendar days. Id.

Plaintiff filed three grievances pursuant to this three step process. The three grievances are: (1) Grievance No. 11-015 regarding personal property[1], (2) Grievance No. 11-055 regarding religious programming, and (3) Grievance No. 11-026 regarding religious diet (Doc. 38). In Grievance No. 11-055, Plaintiff alleges that his right to practice his religion was violated because Juma'ah prayer is scheduled at the same time as recreation (Doc. 38-1 at 13-17). Grievance No. 11-055 also includes an allegation that Defendant Robinson threatened Plaintiff. Id. In Grievance No. 11-026, Plaintiff alleges that he is provided a kosher meal but that he should receive a halal meal (Doc. 38-1 at 22).

Defendants assert that Plaintiff failed to exhaust his administrative remedies concerning all of his claims (Doc. 38). Defendants argue that Plaintiff's claims should be dismissed for failure to exhaust. Id. In his Response (Doc. 41) Plaintiff argues that he did exhaust his administrative remedies and cites to the affidavits that Defendants submitted in support of their Motion. The Court considers Plaintiff's allegations contained in the several filings that comprise all of his claims (Doc. 1, 7, 10, 11) and Defendants' arguments for dismissal.

---

1 Grievance No. 11-015 seeks redress for alleged missing personal property and has not been raised as a claim in Plaintiff's Complaint(s) and will not be addressed.

<u>Halal Meals</u>

Defendants assert that Plaintiff's claims regarding halal meals should be dismissed because he failed to exhaust his administrative remedies (Doc. 38). Plaintiff's allegations regarding civil rights violations in connection with halal meals are as follows: (1) "kosher meals were only helf" (sic) (Doc. 1 at 9); and (2) Defendant Roark sent a "directive to a facilitys in state no kosher nor hallal is two be serve to the Muslim community" (sic) (Doc. 7 at 7). He appears to also allege that Defendants were making him "defile [himself] by doing something that is completely forbidden" in regard to denying Plaintiff a halal religious diet (Doc. 11 at 4). Defendants' Motion provides documentation of Plaintiff's Grievance No. 11-026 which complains about his halal meal by stating that he has been denied his religious diet (Doc. 38-1 at 19-34). He contends that he has been given "kosher" meals which he asserts are different from halal. <u>Id</u>. Although Plaintiff does not use the identical words in his Complaint as compared to the grievance he filed, it is evident to the Court that he does indeed complain about the composition of his halal meal. While Defendants disagree, the grievance appears to give sufficient notice and an opportunity to address the issues as required by the PLRA. <u>Woodford v. Ngo</u>, 548 U.S. at 93-4. The Court therefore concludes that Plaintiff has exhausted his administrative remedies pertaining to Plaintiff's allegations that he was denied the halal religious diet. The Court recommends that the Motion to Dismiss be denied as to this claim.

<u>Juma'ah Prayer</u>

Defendants also assert that Plaintiff's claims regarding Juma'ah Prayer (prayer on Friday) should be dismissed because he failed to exhaust his administrative remedies (Doc. 38). Plaintiff's Complaint alleges that "Muslims here can't atend Jumma'a (Friday Prayer)" (sic) (Doc.

1 at 10); and that the "[w]hole unit that Plaintiff was house[d] would walk right by the Chapel to go to the g[y]m every Friday at the same Jummu'ah was to be performed" (sic) (Doc. 11 at 3). Defendants point out that although Grievance No. 11-055 concerns religious programming it actually complains about a scheduling conflict between the prayer time and recreation time (Doc. 38 at 5). Defendants are correct that Plaintiff's grievance does not state that Muslims are not permitted to attend Friday prayer but the Complaint does. Plaintiff is not entirely articulate in the language he uses in his grievances or his Complaint; it could be construed that that Plaintiff is alleging that he cannot attend the Friday prayer because of WNMCF's schedule. The Court concludes that the grievance was sufficient to allow corrections officials the opportunity to address Plaintiff's claim raising issues with the scheduling of Juma'ah prayer. Woodford v. Ngo, 548 U.S. at 93-4. The Court, therefore, concludes that this claim has been exhausted and recommends that Defendants' Motion to Dismiss Plaintiff's claim regarding Juma'ah prayer be denied.

### Harassment

Defendants assert that Plaintiff failed to file a grievance regarding his claim that he was being harassed by Defendant Robinson (Doc. 38 at 6). Plaintiff alleges that he filed a grievance against Defendant Robinson for harassment but believes that it is missing (Doc. 7 at 4). None of the grievances provided by the parties contain specific claims that Defendant Robinson harassed the Plaintiff (Doc. 38-1 at 5-37). Grievance 11-055 contains an "Informal Complaint Addendum" wherein Plaintiff alleges that Defendant Robinson delivered a message from Defendant Hoisington that Plaintiff characterizes as a threat (Doc. 38-1 at 17). Plaintiff further alleges that threat stated that "my tradition and religious beli[e]f's have no merit ween it comes to her policy's" (sic). Id. Although Plaintiff's grievance requested relief that Defendant Robinson put everything in writing, there was no specific claim of harassment (Doc. 38-1 at 14).

Grievance 11-026 also contains an allegation of discrimination by Defendant Robinson against the Muslim community in conjunction with Plaintiff's complaints about his religious diet (Doc. 38-1 at 19-34), but there is no specific claim of harassment. The Court's review of the pleadings and attached exhibits confirms that none of the grievances raise this claim of harassment. Given the failure to specifically grieve this claim, the Court concludes that Defendants were not given an opportunity to address the alleged harassment. Woodford v. Ngo, 548 U.S. at 93-4. The Court concludes that the claim against Defendant Robinson for harassment was not exhausted and recommends that Plaintiff's claim be dismissed.

### Prayer Oils

Defendants assert that Plaintiff failed to file a grievance regarding his claim that he was denied possession of traditional prayer oils (Doc. 38 at 6). The Court's review of the pleadings and attached exhibits confirms that none of the grievances raise this claim. As such, Defendants were not allowed the opportunity to address this claim prior to the initiation of civil litigation as required by the PLRA. Woodford v. Ngo, 548 U.S. at 93-4. The Court concludes that the claim regarding prayer oils was not exhausted and recommends that Plaintiff's claim be dismissed.

### Bias and Retaliation

Defendants assert that Plaintiff's claims of bias and retaliation by the Defendants against Muslims were not exhausted (Doc. 38 at 6). Plaintiff additionally claims that Jerry Roark was biased and that he kept some of Plaintiff's documentation (Doc. 10 at 5.) He contends that this shows that there was no investigation, and that this failure is a denial of Plaintiff's "human claim" (Doc. 10 at 5). Plaintiff's claims against Defendant Roark for bias and retaliation are unintelligible. The Court's review of the pleadings and attached exhibits confirms that none of the grievances raised these claims of bias and retaliation by any of the Defendants. Therefore,

Defendants were unable to address these claims at the administrative level.  Woodford v. Ngo, 548 U.S. at 93-4.   The Court therefore concludes that the claims regarding bias and retaliation were not exhausted and recommends that Plaintiff's claims for bias and retaliation be dismissed.

### Failure to Answer or Investigate

Defendants assert that Plaintiff failed to file a grievance regarding his claim that Defendants Hoisington and Robinson did not answer or investigate his claims (Doc. 38 at 9). Plaintiff's Complaint alleges that an investigation was ordered, there was a denial of a part of his complaint and that there wasn't an answer (Doc. 1 at 12).   He repeatedly asserts that he never heard a response to his complaints.  Id.    The Court's review of the pleadings and attached exhibits confirms that none of the grievances raises these claims. As such, Defendants did not have the opportunity to address these claims at the administrative level.   Woodford v. Ngo, 548 U.S. at 93-4.    The Court concludes that the claim regarding failure to answer or investigate was not exhausted and recommends that Plaintiff's claim be dismissed.

### Other Claim

Finally, Defendants assert that Plaintiff failed to file a grievance regarding his claim that Defendants made ". . . all Muslims defile themselves by doing something that is completely forbidden by Plaintiff's religion." (Doc. 38 at 6, citing Doc. 11 at 4).   The Court finds this claim vague and it fails to identify what alleged violation of Plaintiff's rights occurred.   The Court's review of the pleadings and attached exhibits confirms that none of the grievances raise claims that Plaintiff was "made to defile himself" other than his allegations that he is not receiving a halal religious diet.   If this is in reference to Plaintiff's claims regarding his halal diet, this claim has been addressed above.   If this claim is not related to Plaintiff's allegations that he was denied the halal religious diet, then the Court concludes that the Plaintiff has not followed the proper

procedures to exhaust his administrative remedies as required by the PLRA. Woodford v. Ngo, 548 U.S. at 93-4. Given the ambiguity of this claim, the Court concludes that the claim was not exhausted and recommends that this claim be dismissed.

## CONCLUSION

Defendants seek dismissal for all claims raised by Plaintiff, asserting that Plaintiff failed to exhaust his administrative remedies. Plaintiff asserts that he exhausted his administrative remedies. The Court's review of the Motion (Doc. 38), Response (Doc. 41), Reply (Doc. 43) and all documents filed in the record supports the conclusion that Plaintiff exhausted his administrative remedies for two of his claims and the remaining claims were unexhausted. The Court concludes that Plaintiff's claims regarding denial of halal religious diet and Juma'ah prayer have been exhausted and therefore recommends that the Motion to Dismiss be denied as to these claims. The Court concludes that the remaining claims for harassment, denial of prayer oils, bias and retaliation, failure to answer or investigate, and claims regarding being "defiled" have not been exhausted in accordance with the PLRA and the policies set forth by the Department of Corrections. The Court therefore, recommends that these remaining claims be dismissed without prejudice. Jones v. Bock, 127 S. Ct. at 926.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE