FOR THE UNITED STATES DISTRICT COURT
IN THE DISTRICT OF NEW MEXICO

MATTHEW WIGGINS

     Plaintiff,

v.                                     CIV No. 11-967 KG/SCY

DEANNA HOISINGTON *et al.,*

     Defendants.

## ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") regarding Plaintiff's Motion for Certification and Intervention Rule 5.1. *Doc. 52.* In its *PFRD,* the Magistrate Judge first found that Defendants failed to timely file a response, which constitutes consent to Plaintiff's Motion under the Local Rules of this District. *Id.* Nonetheless, the Magistrate Judge determined that Plaintiff's motion had no merit and, therefore, denied it. *Id.* Defendants object to the Magistrate Judge's finding that they failed to timely respond to Plaintiff's Motion under the Local Rules. Plaintiff objects to the Magistrate Judge's determination that his motion had no merit.[1] For the reasons set forth below, the Court rejects the Magistrate Judge's recommended disposition regarding the timeliness of Defendant's response and accepts the Magistrate Judge's determination that Plaintiff's Motion is meritless.

---

[1] While Plaintiff filed a document styled "Objections to the Magistrate Judge's PFRD with regard to RLUIPA" (*see doc. 60*), that filing in fact addresses the Magistrate Judge's PFRD regarding his Motion for Certification (*doc. 52*).

## I.     STANDARD OF REVIEW

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.  Fed. R. Civ. P. 72(b)(1).  Rule 72(b)(2) governs objections: "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  When resolving objections to a magistrate judge's proposal: "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

## II.     ANALYSIS

### A.     Defendants' Objection

Defendants contend that the Magistrate Judge incorrectly found that they failed to file a timely response to Plaintiff's Motion for Certification.  Specifically, Defendants argue that "they [Defendants] were not served the Plaintiff's Motion (Doc. 20) in accordance with Fed. R. Civ. P.5(a) and an answer to Plaintiff's Complaint and Amended Complaints were not due until April

29, 2013 (nearly three weeks after Plaintiff filed Document 20)." *Doc. 55* at 1.  The record supports Defendants' contention in that it contains no indication that Defendants ever received service of this motion.  Defendants cannot be found to have untimely responded to a motion never served upon them.

Although Defendants Robinson and Roark did not respond to Plaintiff's motion (presumably because it was not served upon them) they did timely file their Answer on April 29, 2013. D*oc 23.*  Defendant Hoisington did not file her answer until June 20, 2013 (*doc. 32),* but was not even served with Plaintiff's Complaint until May 13, 2013. *Doc. 25.*   Thus, Defendant Hoisington had not even been served with the Complaint within the time frame the Magistrate Judge determined her response to Plaintiff's motion was due.   For these reasons, the Court rejects the Magistrate Judge's finding that Defendants untimely responded to Plaintiff's motion.

### B.      Plaintiff's Objections

Plaintiff's objections to the Magistrate Judge's determination that his motion is meritless are unavailing for two reasons.  First, Plaintiff only generally objects to the Magistrate Judge's findings regarding his motion for certification as "an abuse of process." *Doc. 60* at 3.   He does not identify any specific error in the Magistrate Judge's reasoning that would require this Court to reach a different result than that set forth in the PFRD.   Further, the remainder of Plaintiff's objections relate to the Magistrate Judge's failure to find a violation of his constitutional rights, a topic not at issue regarding Plaintiff's motion for certification.

### III.   CONCLUSION

Upon a review of the record, I concur with the Magistrate Judge's findings and recommendations, with the exception of his finding that Defendants failed to respond to

Plaintiff's Motion.  Therefore, I ADOPT the Magistrate Judge's PFRD (*doc. 52*) and deny

Plaintiff's Motion for Certification and Intervention under Rule 5.1.

UNITED STATES DISTRICT JUDGE