FOR THE UNITED STATES DISTRICT COURT
IN THE DISTRICT OF NEW MEXICO

MATTHEW WIGGINS

    Plaintiff,

v.                                                          CIV No. 11-967 KG/SCY

DEANNA HOISINGTON *et al.*,

    Defendants.

## ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    This matter comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") regarding Defendants' Motion to Dismiss And Brief Pursuant To The Court Order Regarding Exhaustion Of Administrative Remedies. *Doc. 59.* On June 25, 2013, the Court ordered Defendants to brief whether Plaintiff had properly exhausted his administrative remedies regarding his § 1983 claims as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)("PLRA"). On August 1, 2013, Defendants filed their motion, contending that Plaintiff had not exhausted his remedies with regard to any of his asserted claims.

    In his PFRD, the Magistrate Judge recommended that this Court grant in part and deny in part Defendants' motion, finding that Plaintiff had failed to meet his obligation under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)("PLRA") to exhaust his administrative remedies as to all but his claim that he was denied a halal diet and his claim that he was not allowed to participate in Juma'ah prayer. *Id.* at 9. Defendants filed their Objections on March 4, 2014. *Doc. 61*. Plaintiff did not file Objections.

1

**I.      STANDARD OF REVIEW**

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. Fed. R. Civ. P. 72(b)(1). Rule 72(b)(2) governs objections: "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." When resolving objections to a magistrate judge's proposal: "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

**II.     ANALYSIS**

Defendants object to the Magistrate Judge's findings that Plaintiff has exhausted his claims regarding denial of halal meals and the ability to participate in Juma'ah prayer. Having reviewed both the Magistrate Judge's analysis and Defendants' objections, the Court finds that Plaintiff's Juma'ah prayer claim is unexhausted and, therefore, dismisses it without prejudice. Plaintiff's claim with respect to receipt of a halal diet, however, is properly exhausted.

A.     **Juma'ah Prayer**

In their Motion to Dismiss, Defendants point out that in his grievance Plaintiff does not contend that he was denied the opportunity to participate in Juma'ah prayer. Rather, he complained that Juma'ah prayer coincided with Western New Mexico Correctional Facility's designated recreational time for his cell block: "here's a schedule of prayer times. Do to us going to rec at the time we do is not my folt." *Doc. 38*, Ex. 1 at 17 (original wording). Nothing in his subsequent grievance or appeal alleged that Defendants prevented him from engaging in Juma'ah prayer.

In his Complaint, however, Plaintiff does not allege, as he did before, that he was confronted with an unconstitutional dilemma: whether to engage in recreational time at the gym or in Juma'ah prayer. Instead, he alleges that that he was forced to participate in recreational time at the gym during the hour of Juma'ah prayer. *Doc. 11* at 3. An allegation that one is confronted with a difficult choice is much different than an allegation that one is given no choice at all. Because Defendants never had the opportunity to address this latter claim, I reject the Magistrate Judge conclusion that Plaintiff's grievance provided fair notice of his claim of denial of access to Juma'ah prayer. *See Doc. 59* at 6.

In *Jones* the Supreme Court explained that "[w]e have identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subjected to suit. . ." 549 U.S. at 219 (citation omitted). Further, the Court is mindful that while Plaintiff's pleadings must be construed broadly, the Court must hold him to all procedural requirements and cannot serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). With those principles in mind, the Court observes that Defendants were not given an opportunity below to respond to the constitutional injury alleged in Plaintiff's §

3

1983 action, *i.e.* deprivation of his First Amendment right to exercise his religion by attending Juma'ah prayer, prior to his filing this suit. Instead, they responded to the claim Plaintiff presented in his grievance, namely that Plaintiff's having to choose between prayer and recreational time amounted to a constitutional deprivation. Because the issue regarding Juma'ah prayer that Plaintiff presented in his grievance is different than the one he presents in this appeal, the Court finds that Plaintiff failed to properly exhausted his First Amendment claim relating to Juma'ah prayer as required by the PLRA. Therefore, the Court will sustain Defendants' objection and dismiss this claim without prejudice.[1]

### B. Halal Meals

Defendants make two objections to Plaintiff's halal meals grievance. First, they argue that Plaintiff has failed to allege specifically that Defendant Roark played a part in depriving Defendant of his religious diet and, therefore, has not exhausted his remedies with regard to Defendant Roark. Second, Defendants assert that Plaintiff has received a religious diet (specifically kosher) that is indistinguishable from a halal diet.

With regard to Defendants' first objection, the Supreme Court has held that failure to name a particular defendant is not fatal to a prisoner's assertion of exhaustion where the grievance procedure does not require that the defendant be named. *Jones v. Bock*, 549 U.S. 199, 219 (2007). A review of the New Mexico Department of Corrections grievance procedure in effect at the time of the alleged deprivation indicates that Plaintiff was not required to name those officials responsible for his injury. *Doc. 38*, Ex. 2 at 1-13. The Court therefore overrules this objection to the Magistrate Judge's ruling on exhaustion.

---

[1] Given dismissal of this claim, Defendants' objection that Plaintiff has not exhausted his claim with regard to Defendant Roark is denied as moot.

With regard to Defendants' second objection, the assertion of the qualitative content of Plaintiff's diet is a question of fact, not a question of law amenable to determination on a 12(b)(6) motion. Plaintiff properly alleged in his grievance that he is Muslim who requires a halal diet but, instead, is only provided kosher food. Further, he repeated these assertions in his Complaint. His allegations are sufficient to state a plausible claim for relief. *Malipurathu v. Johnson*, 2014 WL 1883890 at *7-8 (N.D. Okla. May 12, 2014)(explaining that where prisoner properly alleged sincere religious belief and consistent deprivation of halal diet, fact that he was provided kosher diet did not prevent him from stating claim for substantial burden on practice of his religion). Defendants' objection to the Magistrate Judge's determination of exhaustion is overruled.

### III.   CONCLUSION

Upon a review of the record, I concur with the Magistrate Judge's findings and recommendations with the exception of the Magistrate Judge's ruling on Plaintiff's exhaustion of his Juma'ah prayer claim. Defendants' Motion to Dismiss is therefore GRANTED in PART and DENIED in PART. Plaintiff's claims relating to Juma'ah prayer, harassment, the use prayer oils, bias and retaliation, failure to answer or investigate, and defilement are dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff's First Amendment claim about receiving a halal diet is properly exhausted and may proceed.

_____
UNITED STATES DISTRICT JUDGE