**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MATTHEW WIGGINS,

       Plaintiff,

    v.                                      Civ. No. 11-967 KG/KK

DEANNA HOISINGTON et al.

       Defendants.

<u>**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**</u>

THIS MATTER is before the Court on Plaintiff's Motion to Amend Complaint (Doc. 62), filed March 3, 2014.  By an Order of Reference (Doc. 98), filed January 15, 2015, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case.  The Court, having reviewed the submissions of the parties and the relevant law, and being otherwise fully advised, concludes that Plaintiff's motion to amend is not well taken, and recommends that it be DENIED.

## I.  Introduction

This case arises out of Plaintiff's incarceration at the Western New Mexico Correctional Facility ("WNMCF") from March to November 2011.  (Docs. 1, 7, 10, 11.)  While the majority of Plaintiff's claims have been dismissed, the following claims remain:  Plaintiff's claims for declaratory and injunctive relief against Defendant Roark under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc *et seq.* ("RLUIPA"), and Plaintiff's First Amendment claims against Defendants Hoisington, Robinson, and Roark, all regarding Defendants' alleged refusal to provide Plaintiff with a halal diet while he was incarcerated at

1

WNMCF.  (Docs. 57, 59, 73, 74, 76.)  Since November 15, 2011, Plaintiff has been incarcerated at the Penitentiary of New Mexico ("PNM").  (Doc. 57 at 2.)

Construed broadly in light of Plaintiff's *pro se* status, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), Plaintiff's motion to amend seeks to add a number of claims and parties. Specifically, Plaintiff seeks to add claims under the Due Process Clause of the Fourteenth Amendment, to add Jacob McLeroy, Vincent Vigil, Michelle Bauer, Paul Tucker, and the New Mexico Department of Corrections ("NMDOC") as defendants, and to reassert "all the same claims in [his] original complaint."  (Doc. 62 at 1, 12.)  By the latter, the Court construes Plaintiff's motion as attempting to:  (1) reassert claims that the Court has previously dismissed, (*see* Docs. 57, 59, 73, 74); and, (2) add claims against Defendants, Mr. McLeroy, Mr. Vigil, Ms. Bauer, Mr. Tucker, and NMDOC based on events that have occurred at PNM since his original complaint and earlier amendments were filed, on the same legal bases as his original claims. (Doc. 62 at 6-7.)

## II.  Legal Standards

Federal Rule of Civil Procedure 15(a) allows a party to amend an initial pleading once as of right, within a limited period of time.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).  The Court may properly deny leave to amend when it finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment."  *Id.*

(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).   "If … delay in amending results in prejudice to the opposing party, denial of the motion is justified."   *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987); *Birmingham v. Experian Info. Solutions Inc.*, 633 F.3d 1006, 1020-21 (10th Cir. 2011).   Likewise, "denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay."   *Minter*, 451 F.3d at 1206.   Finally,

> [c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal.

*Id.* (internal citations omitted).

Rule 15 also provides for motions to supplement pleadings to "set forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."   *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (quoting Fed. R. Civ. P. 15(d)).   Like motions to amend, motions to supplement pleadings "are addressed to the sound discretion of the trial court."   *Id.*   Also like motions to amend, motions to supplement "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants."   *Id.*   In *Walker*, the Tenth Circuit upheld the district court's denial of a motion to supplement where discovery was closed and supplementation "would have required additional discovery and precluded the entry of a final judgment order when the original claims had been resolved via summary judgment or trial."   *Id.*

### III.  Procedural History

Plaintiff filed this lawsuit on October 28, 2011.   (Doc. 1.)   For more than three years, the parties and the Court have devoted substantial efforts to moving the case toward final resolution. Plaintiff has amended his complaint three times, on December 2, 2011, January 24, 2012, and

January 31, 2012.  (Doc. 57 at 1; *see also* Docs. 7, 10, 11.)  The Court has entered a number of orders, including an order denying a preliminary injunction (Doc. 50), two orders disposing of various claims (Docs. 73, 74), and an order for Defendants to file a *Martinez* report (Doc. 76), with which Defendants duly complied.  (Doc. 87.)  In their *Martinez* report, Defendants incorporated a motion for summary judgment, and this motion is fully briefed.  (Doc. 93.) Defendants' *Martinez* report and summary judgment motion are properly limited to Plaintiff's First Amendment damages claims regarding Defendants' alleged conduct while Plaintiff was incarcerated at WNMCF, and his claims for declaratory and injunctive relief against Defendant Roark.  (Doc. 87.)  The Court will consider Plaintiff's motion to amend in light of the foregoing standards and procedural history.

## IV.  Analysis

### A.    Plaintiff's Request to Reassert Previously Dismissed Claims

The Court will first consider Plaintiff's request that he be allowed to reassert claims that the Court has dismissed in previous orders.  The Court has previously dismissed Plaintiff's RLUIPA claims:  (1) against Defendants in their individual capacities; (2) against Defendants in their official capacities for monetary damages; and, (3) against Defendants Hoisington and Robinson in their official capacities for declaratory and injunctive relief.  (Docs. 57, 73.)  The Court has also dismissed Plaintiff's claims based on Defendants' alleged denial of Juma'ah prayer, harassment, denial of prayer oils, bias and retaliation, failure to answer or investigate, and defilement, without prejudice for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e *et seq.* ("PLRA").  (Doc. 74).

Initially, Plaintiff has not asserted, and the Court is not aware of, any reason to revisit the dismissal of Plaintiff's RLUIPA claims against Defendants in their individual capacities, against

4

Defendants in their official capacities for monetary damages, and against Defendants Hoisington and Robinson for declaratory and injunctive relief.  (*See generally* Doc. 62.)  To the extent that Plaintiff moves to amend his complaint to reassert these claims, his motion should be summarily denied.  Plaintiff's claims dismissed pursuant to the PLRA, however, require a more in-depth analysis, because they were dismissed without prejudice for failure to exhaust administrative remedies.  (Doc. 74.)   Plaintiff appears to argue that he has now exhausted his administrative remedies as to these claims and should be permitted to reassert them.  (Doc. 68.)

Upon careful examination of Plaintiff's motion to amend and supporting documentation, the Court concludes that it would be futile to allow Plaintiff to reassert claims dismissed pursuant to the PLRA, because he still has not exhausted his administrative remedies as to these claims. Plaintiff has filed a number of documents with the Court, alleging that they show exhaustion of administrative remedies on claims previously dismissed.  (Doc. 62 at 16-22; Doc. 88 at 4-11.)  In fact, they show the contrary.  Plaintiff has submitted two formal grievances since the parties last briefed exhaustion of administrative remedies, on December 30, 2013, and January 15, 2014. (Doc. 62 at 18; Doc. 88 at 6, 9.)  The December 30 grievance concerned "kosher meals, prayer oils, Friday prayer."  (Doc. 88 at 6.)  The January 15 grievance alleged that Defendants did not respond to the informal complaint which preceded Plaintiff's December 30 grievance.  (*Id.* at 9.) Both grievances were determined to be deficient and were returned to Plaintiff for completion. (Doc. 62 at 19; Doc. 88 at 11; *see* Doc. 88 at 12 ¶ 7.)  Instead of submitting revised grievances, Plaintiff appealed both determinations, and Defendant Roark upheld them.  (Doc. 88 at 3-8.)  As to Plaintiff's December 30 grievance, Defendant Roark stated:

> [y]ou have not filed your grievance with a specific issue to be resolved and the initial investigation by the facility grievance officer is correct…based on your oversight to express a single claim that you are grieving….[T]he CD policy is

firm in stating that you cannot file a multiple issue grievance. You are failing to follow the process in not filing the grievance correctly.

(*Id.* at 3.) As to Plaintiff's January 15 grievance, Defendant Roark stated that Plaintiff did not "specify an issue," and recommended that Plaintiff "follow facility procedure as to acquiring [] necessary copies." (*Id.* at 7.)

The documents Plaintiff has submitted show a continued failure to exhaust administrative remedies as to the claims he seeks to reassert. "[T]o properly exhaust administrative remedies [under the PLRA] prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself." *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (citations omitted); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) ("To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient."). Exhaustion is required even when the procedures seem futile. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust administrative remedies." *Id.*; *Thomas*, 609 F.3d at 1118; *Fields*, 511 F.3d at 1112.

Plaintiff's December 30 grievance regarding "kosher meals, prayer oils, [and] Friday prayer" failed to comply with NMDOC's Policy CD-150500 concerning Inmate Grievances. (Doc. 88 at 6, 11.) In pertinent part, this policy states that "the inmate must complete a separate grievance form for each issue grieved." (*Id.* at 12.) Plaintiff's December 30 grievance improperly raised three separate issues. (*Id.* at 6.) Plaintiff has not alleged or demonstrated that he corrected this deficiency by submitting three separate grievances, nor has he explained his failure to do so. He began the grievance process but did not properly complete it. As such,

Plaintiff's December 30 grievance does not satisfy the PLRA's exhaustion requirement as to his claims based on "prayer oils" and "Friday prayer."[1]  (Doc. 88 at 6); *Jernigan*, 304 F.3d at 1032; *Thomas*, 609 F.3d at 1118; *Fields*, 511 F.3d at 1112.

Plaintiff's January 15 grievance, in turn, does not pertain to any of Plaintiff's previously dismissed claims; Plaintiff has not previously asserted any claims based on Defendants' alleged failure to respond to an informal complaint in December 2013.  Moreover, the alleged failure did not prevent Plaintiff from submitting his December 30 formal grievance, and was not given as a reason for rejecting that grievance.  As such, Defendants' alleged failure to respond to the informal complaint did not render administrative remedies unavailable to Plaintiff with respect to his December 30 grievance.  *See Hemphill v. Jones*, 343 F. App'x 329, 331-32 (10th Cir. 2009) (where prison fails to timely respond to complaint at one level of administrative process, prisoner is not excused from exhaustion requirement if remedies remain available to inmate at next level of review).[2]  For all of the above reasons, the Court concludes that it would be futile to permit Plaintiff to amend his complaint to reassert claims previously dismissed under the PLRA, and recommends that Plaintiff's motion to amend to reassert these claims be denied.

**B.      Plaintiff's Request to Supplement his Earlier Complaints**

The Court will next consider Plaintiff's request that he be permitted to add claims against Defendants based on events that occurred at PNM after his complaint and three amendments were filed.  The Court construes this as a request to supplement his earlier pleadings pursuant to

---

[1] Regarding the "kosher meals" portion of Plaintiff's December 30 grievance, the Court has previously ruled that Plaintiff exhausted administrative remedies as to his claims that Defendants refused to provide him with halal meals at WNMCF.  (Doc. 59 at 5; Doc. 74 at 4-5.)  The Court need not address whether Plaintiff has exhausted administrative remedies as to his prospective claims that Defendants refused to provide him with kosher or halal meals at PNM, because the Court recommends in Section IV.B. *infra* that Plaintiff's motion to add such claims be denied based on undue delay and resulting prejudice to Defendants.

[2] Unpublished decisions are not binding precedent in the Tenth Circuit, but may be cited for their persuasive value.  *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

Rule 15(d).  *Walker*, 240 F.3d at 1278.  Based on the documentation he has submitted, Plaintiff appears to argue that he should be permitted to add First Amendment damages claims based on Defendants' alleged failure to provide him with kosher or halal meals at PNM between December 20, 2011 and the present.  (*See*, *e.g.*, Doc. 68 at 12-13.)  Plaintiff also seeks to add claims under the Due Process Clause that Defendants failed to respond to letters he submitted in June 2013.[3]  (Doc. 62 at 4, 8.)

The Court is mindful that leave to supplement should in general be liberally granted; however, in this instance, the Court must recommend denial of such leave based on Plaintiff's substantial undue delay in seeking it, and the resulting prejudice to Defendants.  As noted above, "denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for [a] delay," *Minter*, 451 F.3d at 1206; logically, this reasoning also applies to motions to supplement.  According to the documents he submitted, Plaintiff seeks to add claims that Defendants began denying him kosher or halal meals at PNM on or about December 20, 2011. (Doc. 68 at 13.)  Plaintiff has failed to explain why he waited from December 2011 to March 2014 – well over two (2) years – to seek to add these claims.  Likewise, Defendants' alleged failures to respond to Plaintiff's letters occurred in June 2013, about nine (9) months before he filed the present motion (Doc. 62 at 4, 8); again, Plaintiff has provided no explanation for his delay in seeking to add claims on this basis.  The Court therefore recommends that Plaintiff's motion to supplement his complaint to add claims based on events that occurred at PNM be denied as a result of undue delay.

---

[3] Plaintiff may also have initially based his prospective due process claims on Defendants' alleged failures to respond to the December 30 and January 15 grievances discussed in Section IV.A. above (Doc. 62 at 4-5); however, Plaintiff subsequently submitted documents showing that Defendants, did, in fact, respond to these grievances. (Doc. 88 at 3, 7, 11.)  Permitting Plaintiff to amend his complaint to add claims on this basis would therefore be futile.

Denial of leave to supplement is also appropriate when supplementation would be unduly prejudicial to the opposing party.  *Federal Ins. Co.*, 823 F.2d at 387; *Walker*, 240 F.3d at 1278. In the present matter, Defendants would clearly be prejudiced if Plaintiff were permitted to add claims based on Defendants' alleged conduct at PNM.  This case is well over three years old, and has a voluminous (and sometimes contradictory[4]) record.  By order of this Court, Defendants have investigated Plaintiff's claims and filed an extensive *Martinez* report, as well as a fully briefed motion for summary judgment.  (Doc. 87, 92.)  The report and motion are properly limited to Plaintiff's First Amendment damages claims regarding Defendants' alleged conduct at WNMCF, and his RLUIPA claims for declaratory and injunctive relief.  (*Id.*)  They do not address claims for damages under the First Amendment or the Due Process Clause regarding conduct at PNM between December 2011 and the present.[5]

If the Court were to permit Plaintiff to add claims regarding PNM at this juncture, Defendants would have to investigate, and file an additional *Martinez* report regarding, the new claims.  The new claims would also likely require additional motions practice regarding exhaustion of administrative remedies and other issues.  Thus, the new claims would generate considerable additional work by the parties, further complicate the record, and further delay the impending resolution of this three-year-old case for an indefinite, and likely lengthy, period of time.  The resulting prejudice to Defendants would be substantial and undue.  *Walker*, 240 F.3d at 1278.  The Court therefore recommends denial of Plaintiff's motion to supplement his

---

[4] For example, at times Plaintiff has requested that Defendants be ordered to provide him with a kosher diet, while at other times he has objected to such a diet.  (*Compare*, *e.g.*, Doc. 18 at 1 (seeking preliminary injunction ordering Defendants to provide Plaintiff with kosher meals) *with* Doc. 87-2 at 4 (formal grievance requesting that Defendants provide Plaintiff with halal diet, "not kosher")).

[5] Defendants do address Plaintiff's present circumstances in their *Martinez* report and related briefs, but only insofar as they are relevant to his RLUIPA claims for declaratory and prospective injunctive relief.  (*See*, *e.g.*, Doc. 87 at 17-18.)  Defendants do not address any events that occurred between December 2011 and the filing of their report and briefs.

complaint to add claims based on events that occurred at PNM, not only because the motion is unduly delayed, but also because granting it would result in undue prejudice to Defendants.

**C.      Plaintiff's Request to Add New Parties**

Finally, the Court will consider Plaintiff's request to be allowed to add claims against Jacob McLeroy, Vincent Vigil, Michelle Bauer, Paul Tucker, and NMDOC, who are not currently parties to this suit.  (Doc. 62 at 6-7.)  Initially, Plaintiff seeks to add Mr. McLeroy, Mr. Vigil, and Ms. Bauer as defendants based on their alleged failures to respond to letters Plaintiff submitted at PNM in June 2013.  (*Id.* at 8-9.)  The Court has recommended denial of Plaintiff's motion to add identical claims against the current Defendants based on undue delay and prejudice, as described in Section IV.B., *supra*.  The same reasons apply with equal force to Plaintiff's proffered claims against Mr. McLeroy, Mr. Vigil, and Ms. Bauer, and the Court therefore recommends denial of Plaintiff's request to add these persons as defendants.

The Court also recommends denial of Plaintiff's request to add claims against Paul Tucker, whom Plaintiff identifies as NMDOC's Food Services Director.  (*Id.* at 6.)  The record is unclear regarding exactly when Mr. Tucker allegedly held this office; the current Food Services Director is Rex McCreary.  (Doc. 92-1 ¶ 4.)  To the extent that Mr. Tucker was the Food Services Director when Plaintiff was at WNMCF, Plaintiff's March 2014 attempt to add him for actions that occurred in 2011 should be denied because it is grossly overdue and prejudicial; and, Plaintiff failed to add him in any of three amendments previously allowed.  *Minter*, 451 F.3d at 1204.  To the extent that Mr. Tucker was the Food Services Director for some period of time when Plaintiff was at PNM, the Court has recommended denial of Plaintiff's motion to add claims based on events that occurred at PNM, because of undue delay and the resulting prejudice to Defendants.  Again, these reasons apply with equal force to any such claims Plaintiff seeks to

bring against Mr. Tucker.  The Court therefore recommends denial of Plaintiff's request to add Mr. Tucker as a defendant.

Finally, the Court recommends denial of Plaintiff's motion to add NMDOC as a defendant.[6]  Plaintiff has been in NMDOC's custody throughout this litigation.  (Doc. 23 at 2.) Plaintiff could have attempted to include NMDOC in his original suit.  Moreover, as noted above, Plaintiff has already been allowed three amendments to his complaint, and in none of them did he attempt to add NMDOC as a party.  He has provided no explanation for his failure to do so.  Plaintiff's attempt to add NMDOC now is therefore unduly delayed; and, Plaintiff has failed to cure the deficiency by amendments previously allowed.  *Minter*, 451 F.3d at 1204.  The Court notes that Plaintiff will suffer no prejudice from his inability to add NMDOC as a defendant.  He has already asserted claims against the current Defendants in their official capacities, and an official capacity suit is, in general, a suit against the agency by whom the officer is employed.  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  For all of the above reasons, the Court recommends that Plaintiff's motion to add NMDOC as a defendant be denied.

## V.  Conclusion

The Court recommends that Plaintiff's motion to amend his complaint to reassert previously dismissed claims be denied based on futility; the documents Plaintiff has submitted demonstrate continued failure to exhaust administrative remedies under the PLRA.  The Court also recommends denial of Plaintiff's motion to supplement his complaint to add claims based on events that occurred during his incarceration at PNM, because the motion is unduly delayed and

---

[6] Plaintiff has not indicated precisely which claims he seeks to bring against NMDOC; however, the Court will construe his motion to amend as seeking to bring only those claims not barred by the Eleventh Amendment.  *See, e.g., Sossamon v. Texas*, 131 S. Ct. 1651, 1655 (2011) (state did not waive sovereign immunity to suit for money damages under RLUIPA); *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (state corrections department was immune from suit for money damages under section 1983 based on Eleventh Amendment).  Otherwise, his motion to amend would be subject to denial based on futility.

supplementation would result in undue prejudice to Defendants.  The Court recommends denial of Plaintiff's motion to amend his complaint to add Mr. McLeroy, Mr. Vigil, Ms. Bauer, and Mr. Tucker based on undue delay and prejudice to Defendants.  Finally, the Court recommends denial of Plaintiff's motion to amend his complaint to add NMDOC as a defendant based on undue delay and failure to cure deficiencies by amendments previously allowed.[7]

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

[7] Defendants also argue that Plaintiff is attempting to "us[e] Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [and] to present theories seriatim in an effort to avoid dismissal."  (Doc. 65 at 3-4 (quoting *Minter*, 451 F.3d at 1206).)  Plaintiff filed this motion to amend very shortly after the Court recommended dismissal of many of his claims.  (Docs. 57, 59, 62.)  As such, the record could likely support a finding that the present motion is an attempt to present theories seriatim in an effort to avoid dismissal.  However, the Court hesitates to strictly apply this principle to a *pro se* plaintiff, and in any event need not reach the issue because Plaintiff's motion to supplement may properly be denied on the bases of futility, undue delay, prejudice to Defendants, and failure to cure deficiencies by amendments previously allowed.