IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW WIGGINS,

    Plaintiff,

v.                                                    Civ. No. 11-967 KG/KK

DEANNA HOISINGTON *et al.*,

    Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
ON REQUEST FOR PRELIMINARY INJUNCTION
AND DENIAL OF REQUEST FOR SETTLEMENT CONFERENCE**

THIS MATTER is before the Court on Plaintiff's Request to [Negotiate] a Discussion to Settle this Action and Preliminary Injunction (Doc. 94), filed December 3, 2014. By an Order of Reference (Doc. 98), filed January 15, 2015, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case. The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, FINDS that Plaintiff's motion is not well taken, DENIES his request for a settlement conference, and RECOMMENDS DENIAL of his motion for preliminary injunction.

*Introduction*

This case arises out of Plaintiff's incarceration at the Western New Mexico Correctional Facility ("WNMCF") from March to November 2011. (Docs. 1, 7, 10, 11.) While the majority of Plaintiff's claims have been dismissed, two sets of claims remain: (1) Plaintiff's First Amendment claims against Defendants Hoisington, Robinson, and Roark regarding Defendants' alleged refusal to provide Plaintiff with a halal diet while he was incarcerated at WNMCF; and, (2) Plaintiff's claims for declaratory and injunctive relief against Defendant Roark under the

1

Religious Land Use and Institutionalized Persons Act. (Docs. 57, 59, 73, 74, 76.) Since November 15, 2011, Plaintiff has been incarcerated at the Penitentiary of New Mexico. (Doc. 57 at 2.)

Plaintiff filed this lawsuit on October 28, 2011, and amended his complaint three times, on December 2, 2011, January 24, 2012, and January 31, 2012. (Doc. 57 at 1; *see* Docs. 1, 7, 10, 11.) The Court has entered a number of orders in this case, including an order denying an earlier motion for a preliminary injunction (Doc. 50), two orders disposing of various claims on the pleadings (Docs. 73, 74), an order denying a motion to amend the complaint (Doc. 100), and an order denying the parties' cross-motions for summary judgment. (Doc. 106.) Currently before the Court is Plaintiff's Request to [Negotiate] a Discussion to Settle this Action and Preliminary Injunction (Doc. 98), which the Court construes as a motion for a preliminary injunction and for the Court to hold a settlement conference.

*Plaintiff's Motion for a Preliminary Injunction*

As noted above, Plaintiff's current motion for a preliminary injunction is the second such motion he has filed in this case. He filed his first motion for preliminary injunctive relief on May 30, 2013. (Doc. 27.) The Court denied that motion on January 29, 2014 (Doc. 50), based on United States Magistrate Judge Scott's September 3, 2013 Proposed Findings and Recommended Disposition. (Doc. 44.) In his first motion, Plaintiff sought a preliminary injunction ordering Defendants to provide him with halal meals, along with other injunctive relief. (*Id.* at 2.) In the motion presently before the Court, Plaintiff again asks the Court to order Defendants to provide him with a halal diet consistent with his religious beliefs. (Doc. 94 at 4.) As such, Plaintiff's current motion essentially asks the Court to reconsider its January 29, 2014 Order.

"As a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005); *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003); *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001).

> [T]o be entitled to entry of a preliminary injunction . . . the moving party must establish that: (1) he or she will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits.

*Schrier*, 427 F.3d at 1258; *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Heideman*, 348 F.3d at 1188; *Kikumura*, 242 F.3d at 955. Moreover, because the movant must establish all four of these elements, *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980), if any one of the elements is not supported, the requested injunctive relief must be denied. *See Warner v. Gross*, 776 F.3d 721, 736 (10th Cir. 2015), *cert. granted*, 135 S. Ct. 1173 (2015) ("Having concluded . . . that plaintiffs failed to establish a significant possibility of success on the merits . . . we find it unnecessary to address the remaining requirements for a preliminary injunction.").

The purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *Schrier*, 427 F.3d at 1258. As such, the Tenth Circuit has identified three types of preliminary injunctions that are "specifically disfavored": "(1) preliminary injunctions that alter the status quo[1]; (2) mandatory preliminary injunctions[2]; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Id.* at 1259; *Kikumura*, 242 F.3d at 955. Disfavored

---

[1] The "status quo" for purposes of this analysis is "the last peaceable uncontested status existing between the parties before the dispute developed." *Schrier*, 427 F.3d at 1260.

[2] A mandatory injunction "affirmatively requires the nonmovant to act in a particular way, and as a result places the issuing court in a position where it may have to provide ongoing supervision to assure the nonmovant is abiding by the injunction." *Schrier*, 427 F.3d at 1261.

3

injunctions "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Schrier*, 427 F.3d at 1259.[3]

In his Proposed Findings and Recommended Disposition, Judge Scott concluded that Plaintiff was seeking a mandatory preliminary injunction when he asked the Court to order Defendants to provide him with halal meals. (Doc. 44 at 4.) This Court sees no reason to disagree with Judge Scott's conclusion. If the Court were to issue a preliminary injunction ordering Defendants to provide Plaintiff with halal meals conforming to his religious beliefs, such an order would "affirmatively require[ Defendants] to act in a particular way," and would as a result place this Court "in a position where it may have to provide ongoing supervision to assure [Defendants are] abiding by the injunction."[4] *Schrier*, 427 F.3d at 1261. Thus, Plaintiff is requesting a disfavored preliminary injunction which must survive a closer scrutiny of the four factors the Tenth Circuit has required to justify preliminary injunctive relief. *Id.*; *Kikumura*, 242 F.3d at 955; *Little*, 607 F.3d at 1245.

This Court has thoroughly analyzed the record evidence supporting and detracting from the merits of Plaintiff's claims in its decisions regarding the parties' cross-motions for summary judgment. (Docs. 102, 106.) Having reviewed this analysis, as well as Plaintiff's current motion, the Court concludes that Plaintiff has not met his burden of showing that he is substantially likely to succeed on the merits, that any threatened injury to him outweighs

---

[3] In general, where a movant prevails on the other three factors, the requirement to show substantial likelihood of success on the merits is "relaxed," such that the movant need only "raise questions so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate inquiry." *Longstreth v. Maynard*, 961 F.2d 895, 903 (10th Cir. 1992). However, this "relaxed" standard does not apply to motions for disfavored injunctions. *Flood v. ClearOne Communications, Inc.*, 618 F.3d 1110, 1117 n.1 (10th Cir. 2010); *Schrier*, 427 F.3d at 1261.

[4] The challenges of monitoring Defendants' compliance with a preliminary injunction regarding Plaintiff's religious diet would likely be considerable in light of "Plaintiff's various and potentially inconsistent dietary requests" in the course of this litigation. (Doc. 102 at 7 & n.2; Doc. 106 at 5.)

whatever damage the proposed injunction may cause Defendants, or that the requested injunction, if issued, would not be adverse to the public interest.  *Schrier*, 427 F.3d at 1258*; Little*, 607 F.3d at 1251; *Heideman*, 348 F.3d at 1188; *Kikumura*, 242 F.3d at 955.  Moreover, Defendants have presented evidence that Plaintiff is now receiving certified halal meals conforming to his religious beliefs; and, although Plaintiff has made arguments denying this, he has not presented any sworn testimony or other competent evidence to support his arguments. (Doc. 102 at 23-24.)  As such, Plaintiff has also failed to show that he will suffer irreparable injury unless the requested injunction issues.  *Schrier*, 427 F.3d at 1258*; Little*, 607 F.3d at 1251; *Heideman*, 348 F.3d at 1188; *Kikumura*, 242 F.3d at 955.  For these reasons, the Court finds that Plaintiff's second motion for a preliminary injunction is without merit and recommends that it be denied.

### *Plaintiff's Motion for a Settlement Conference*

The Court finds that Plaintiff's motion asking the Court to hold a settlement conference is premature, and will deny this request without prejudice.  The undersigned will schedule a status conference by separate order, which Plaintiff may attend telephonically, so that the parties may provide the Court with further information regarding whether and when it would be a productive use of the Court's and the parties' resources to hold a settlement conference in this matter.

### *Conclusion*

The Court recommends denial of Plaintiff's motion for a preliminary injunction (Doc. 98) because Plaintiff has not established any of the four factors the Tenth Circuit requires to justify preliminary injunctive relief.  The Court denies Plaintiff's request for a settlement conference without prejudice contained within his Request to [Negotiate] a Discussion to Settle this Action and Preliminary Injunction (Doc. 98) because it is premature.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of the Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

*[signature: Kirtan Khalsa]*

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE