IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW WIGGINS,

    Plaintiff,

v.                                          Civ. No. 11-967 KG/KK

DEANNA HOISINGTON *et al.*,

    Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Plaintiff's Motion to Amend Complaint (Doc. 116), filed September 17, 2015.  By an Order of Reference (Doc. 98), filed January 15, 2015, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case.  The Court, having reviewed the motion and the relevant law, and being otherwise fully advised, concludes that Plaintiff's motion is not well taken, and recommends that it be DENIED.

**I. Introduction**

This case arises out of Plaintiff's incarceration at the Western New Mexico Correctional Facility ("WNMCF") from March to November 2011.  (Docs. 1, 7, 10, 11.)  While the majority of Plaintiff's claims have been dismissed, two sets of claims remain:  (1) Plaintiff's First Amendment claims against Defendants Hoisington, Robinson, and Roark regarding Defendants' alleged refusal to provide Plaintiff with a halal diet while he was incarcerated at WNMCF in 2011; and, (2) Plaintiff's claims for declaratory and injunctive relief against Defendant Roark under the Religious Land Use and Institutionalized Persons Act.  (Docs. 57, 59, 73, 74, 76, 102,

1

106.) Plaintiff has been incarcerated at various facilities during this litigation, but by August 2015 he had returned to WNMCF. (Doc. 112.)

Plaintiff filed this lawsuit on October 28, 2011, and amended his complaint three times, on December 2, 2011, January 24, 2012, and January 31, 2012. (Doc. 57 at 1; *see* Docs. 1, 7, 10, 11.) The Court has entered a number of orders in this case, including two orders denying motions for a preliminary injunction (Docs. 50, 111), two orders disposing of various claims on the pleadings (Docs. 73, 74), an order denying Plaintiff leave to amend his complaint a fourth time (Doc. 100), and an order denying the parties' cross-motions for summary judgment. (Doc. 106.) Currently before the Court is Plaintiff's fifth attempt to amend his complaint. (Doc. 116.)

Construed liberally in light of Plaintiff's *pro se* status, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), Plaintiff's motion to amend seeks to add eight new parties: (1) as plaintiffs, fellow WNMCF prisoners Charles Wilson, Barry Holloway, and Juan Perez (Doc. 116 at 1; Doc. 116-1 at 9, 30; Doc. 116-2 at 27); and, (2) as defendants, the New Mexico Department of Corrections ("NMDOC"), NMDOC "Griev[a]nce Officers," NMDOC "Policy Ma[k]ers," and Denise Gonzales and Daniel Baca in their individual and official capacities. (*Id.*; Doc. 116-1 at 9-10.) Plaintiff also seeks to add three new claims: (1) Fourteenth Amendment claims based on the proposed defendants' alleged failure or refusal to allow Plaintiff and the proposed co-plaintiffs to exhaust their administrative remedies for "all . . . religious claims," and for Mr. Holloway's and Mr. Perez's medical needs, (Doc. 116 at 9-10; Doc. 116-2 at 30); (2) First Amendment claims based on Defendants' alleged failure or refusal to provide Mr. Wilson and Mr. Perez with halal diets conforming to their respective sincerely-held Muslim beliefs[1], (Doc.

---

[1] Mr. Perez does not, in the proposed amended complaint, describe the nature of his dietary beliefs beyond calling them "halal." (Doc. 116-2 at 27-30.) Mr. Wilson, however, provides a detailed description of his dietary beliefs, which appear to require, for example, fresh fruit, a muffin rather than leftover cake, pre-packaged tuna rather than tuna from a receptacle, pre-packaged hot and cold cereal, cheese from a known source, fruit drink without colorants

116 at 10, Doc. 116-1 at 14-15; Doc. 116-2 at 30); and, (3) Eighth Amendment claims based on Defendants' alleged deliberate indifference to Mr. Holloway's serious medical needs from approximately 2007 to the present. (Doc. 116-2 at 1-6.) Finally, Plaintiff asks the Court to certify this lawsuit as a class action. (Doc. 116 at 1.) Plaintiff has included four separate proposed amended complaints, one on his own behalf and one on behalf of each proposed co-plaintiff. (Doc. 116 at 1-11 (Plaintiff); Doc. 116-1 at 9-15 (Mr. Wilson); Doc. 116-1 at 30-31 & 116-2 at 1-8 (Mr. Holloway); Doc. 116-2 at 27-30 (Mr. Perez).)

## II. Analysis

Federal Rule of Civil Procedure 15(a) allows a party to amend an initial pleading once as of right, for a limited period of time. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The Court may properly deny leave to amend when it finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "If … delay in amending results in prejudice to the opposing party, denial of the motion is justified." *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987); *Birmingham v. Experian Info. Solutions Inc.*, 633 F.3d 1006, 1020-21 (10th Cir. 2011). Likewise, "denial of leave to amend is appropriate

---

that cause cancer, whole wheat bread, halal dairy pans and utensils, a Muslim assigned to the Food Service Department to oversee and handle the preparation of Mr. Wilson's food, and an Islamic scholar to observe the storage, ingredients, and preparation of his food once per month. (Doc. 116-1 at 22, 28-29.)

when the party filing the motion has no adequate explanation for the delay." *Minter*, 451 F.3d at 1206.

Here, the Court recommends that Plaintiff's motion to amend be denied based on undue and unfairly prejudicial delay. In his proposed amended complaints, Plaintiff seeks to completely overhaul this lawsuit, adding new plaintiffs, new defendants, new claims, and even a request to certify the case as a class action, almost four years after he filed his original complaint. His timing is hugely problematic. Information and evidence regarding Plaintiff's current claims have long since been exchanged. Dispositive (and many other) motions have been filed and resolved. Indeed, only trial, and possibly a settlement conference, remain to be completed. Permitting Plaintiff's proposed amendments at this late juncture would severely prejudice Defendants. It would indefinitely delay the imminent resolution of this case, to which the parties and the Court have devoted substantial time and resources, and require Defendants to defend what are essentially four entirely new lawsuits, if not a class action, from the beginning. As noted above, a court may deny a motion to amend where "delay in amending results in prejudice to the opposing party," *Federal Ins. Co.*, 823 F.2d at 387; *Birmingham*, 633 F.3d at 1020-21, and that is unquestionably the case here.

Further, Plaintiff offers no explanation for his lengthy delay in seeking leave to amend his complaint; and, Plaintiff could have sought leave to add at least some of the new parties and claims much earlier. For example, Plaintiff has been in NMDOC's custody throughout this litigation, (Doc. 23 at 2), and could have named NMDOC in his original complaint in 2011, or in any of the three amended complaints he was allowed to file in 2011 and 2012. (Docs. 7, 10, 11.) Plaintiff has yet to explain his failure to do so. Likewise, Mr. Holloway alleges that the proposed defendants responded insufficiently, or failed to respond, to informal complaints and grievances

submitted in 2007, 2011, 2012, and 2014, as well as in 2015; but again, neither Plaintiff nor Mr. Holloway has explained why Mr. Holloway failed to pursue claims on that basis until now. (Doc. 116-2 at 9-16, 24.) As noted above, a court may deny a motion to amend based on undue delay "[w]hen the party filing the motion has no adequate explanation for the delay." *Minter*, 451 F.3d at 1206. In short, Plaintiff's extensive, undue, and unfairly prejudicial delay in seeking leave to amend mandates denial of Plaintiff's motion.

In addition, the Court recommends denial of Plaintiff's motion to amend because Plaintiff's proposed amendment seeking to certify a class would be futile. The Tenth Circuit has held that a *pro se* plaintiff may not represent a class under Federal Rule of Civil Procedure 23. *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

> Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.

*Id.* (internal citations omitted). The Tenth Circuit has also approved the dismissal of a prisoner's claims brought on behalf of other prisoners, or the general prison population, for lack of standing. *Sherratt v. Utah Dep't of Corr.*, 545 F. App'x 744, 747 (10th Cir. 2013)[2]; *Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990). "The general rule . . . is that a plaintiff must assert his own constitutional rights." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986).

In the present matter, Plaintiff "request[s] this Court to certify this petition . . . as a class action," and states that "[a]ll m[e]mbers request [Plaintiff] to be the represent[ative] if counsel is not granted." (Doc. 116 at 1.) However, Plaintiff does not have standing to assert any claims for other prisoners; and, as a *pro se* litigant, he is not permitted to represent them or a proposed class in federal court. As such, Plaintiff's motion to amend should also be denied on grounds of

---

[2] Unpublished decisions are not binding precedent in the Tenth Circuit, but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

futility.[3] For all of the above reasons, the Court recommends that Plaintiff's most recent Motion to Amend Complaint (Doc. 116) be denied in its entirety.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

*Kirtan Khalsa*
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

[3] A number of the substantive claims Plaintiff seeks leave to add appear to be futile as well. For example, the applicable statute of limitations would likely bar many of Mr. Wilson's proposed claims, which appear to have accrued well over three years ago. *See Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("[F]or § 1983 claims arising in New Mexico the limitations period is three years."). Also, several federal appellate courts have held that a prisoner "cannot state a due process claim based on allegations of an ineffective grievance reporting system," which would appear to invalidate the Fourteenth Amendment claims Plaintiff seeks to add. *Hallcy v. Clements*, 519 F. App'x 521, 523 (10th Cir. 2013) (citing cases). However, the Court need not rely on the futility of these claims to deny Plaintiff leave to add them, because, as noted above, such leave should be denied based on undue delay whether they would be futile or not.