IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW WIGGINS,

    Plaintiff,

v.   Civ. No. 11-967 KG/KK

DEANNA HOISINGTON *et al.*,

    Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

THIS MATTER comes before the Court on Plaintiff's Motion to Amend Complaint (Doc. 116), filed September 17, 2015, Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 118), filed September 28, 2015, and Plaintiff's Objections to Proposed Findings and Recommended Disposition (Doc. 119), filed October 2, 2015. Having considered Plaintiff's motion and objections, the record evidence, and the relevant law, the Court finds that the objections are not well taken and will overrule them, adopt the Magistrate Judge's PFRD, and deny Plaintiff's Motion to Amend Complaint.

### I. Introduction

This case arises out of Plaintiff's incarceration at the Western New Mexico Correctional Facility ("WNMCF") from March to November 2011. (Docs. 1, 7, 10, 11.) While the majority of Plaintiff's claims have been dismissed, two sets of claims remain: (1) Plaintiff's First Amendment claims against Defendants Hoisington, Robinson, and Roark regarding Defendants' alleged refusal to provide Plaintiff with a halal diet while he was incarcerated at WNMCF in 2011; and, (2) Plaintiff's claims for declaratory and injunctive relief against Defendant Roark under the Religious Land Use and Institutionalized Persons Act. (Docs. 57, 59, 73, 74, 76, 102,

1

106.) Plaintiff has been incarcerated at various facilities during this litigation, but by August 2015 he had returned to WNMCF. (Doc. 112.)

Plaintiff filed this lawsuit on October 28, 2011, and has amended his complaint three times, on December 2, 2011, January 24, 2012, and January 31, 2012. (Doc. 57 at 1; *see* Docs. 1, 7, 10, 11.) The Court has entered a number of orders in this case, including two orders denying motions for a preliminary injunction (Docs. 50, 111), two orders disposing of various claims on the pleadings (Docs. 73, 74), an order denying Plaintiff leave to amend his complaint a fourth time (Doc. 100), and an order denying the parties' cross-motions for summary judgment. (Doc. 106.) Currently before the Court is Plaintiff's fifth attempt to amend his complaint. (Doc. 116.) On September 28, 2015, the Magistrate Judge assigned to this case entered a PFRD recommending denial of this most recent motion to amend. (Doc. 118.) Plaintiff filed objections to the Magistrate Judge's PFRD on October 2, 2015, (Doc. 119), and Plaintiff's motion and objections are now before the Court.

## II. Analysis

When a party files timely written objections to a magistrate judge's recommendation on a dispositive matter, the district court must conduct a *de novo* review, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). *De novo* review requires the district judge to consider relevant evidence in the record and not merely to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's [PFRD] must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996). Following a *de*

*novo* review of the evidence in the record, the Court finds that Plaintiff's objections are without merit, and will adopt the Magistrate Judge's PFRD in whole.

In his objections, which the Court construes liberally in light of his *pro se* status, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), Plaintiff argues that he should be allowed to assert constitutional claims based on the alleged refusal of Defendant Roark, Unit Manager Daniel Baca, and Grievance Officer Denise Gonzales to respond to his grievances, because some of his First Amendment claims were previously dismissed for failure to exhaust administrative remedies, and since then these officials' refusal to respond has prevented him from accomplishing that exhaustion.[1]  (Doc. 119 at 1-4; *see* Doc. 116-1 at 9-10, 30.)  Presumably Plaintiff means to contend that, for these reasons, his proposed Fourteenth Amendment claims would not be futile, and that he should therefore be permitted to amend his complaint to assert these claims.

The Court agrees with the Magistrate Judge that Plaintiff's proposed Fourteenth Amendment claims based on prison officials' alleged refusal to respond to Plaintiff's grievances would be futile.  (Doc. 118 at 6 n.3.)  "[T]here is no independent constitutional right to state administrative grievance procedures," including prison grievance procedures.  *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011)[2]; *Brewer v. Gilroy*, — F. App'x —, 2015 WL 5106273, at *8 (10th Cir. 2015); *Hallcy v. Clements*, 519 F. App'x 521, 523 (10th Cir. 2013); *Todd v. Bigelow*, 497 F. App'x 839, 842 (10th Cir. 2012); *Bingham v. Thomas*, 654 F.3d 1171, 1177-78 (11th Cir. 2011); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Buckley v. Barlow*, 997 F.2d 494,

---

[1] The Court previously dismissed some of Plaintiff's First Amendment claims for failure to exhaust administrative remedies, not because prison officials failed or refused to respond to grievances regarding those particular claims, but because Plaintiff had not, at that time, submitted such grievances.  (*See* Doc. 59 at 7 (prayer oils); Doc. 74 at 3-4 (Juma'ah prayer).)

[2] Unpublished decisions are not binding precedent in the Tenth Circuit, but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

495 (8th Cir. 1993); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *see also Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (denial of prison grievance does not constitute personal participation in constitutional violation).

> A prison grievance procedure is a procedural right only[;] it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest. . . . Instead, when the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.

*Boyd*, 443 F. App'x at 332 (quoting *Buckley*, 997 F.2d at 495; *Flick*, 932 F.2d at 729). Because Plaintiff cannot assert a valid Fourteenth Amendment claim based on prison officials' alleged refusal to respond to Plaintiff's grievances, the Magistrate Judge correctly denied Plaintiff leave to amend to add these claims.

Furthermore, to the extent that Plaintiff now moves to amend to add First Amendment claims "to have prayer oils" and "to wear a kufi on [his] head"—claims regarding which he contends he has been unable to exhaust administrative remedies, (Doc. 119 at 4)—the Court agrees with the Magistrate Judge that Plaintiff's motion must be denied based on unfairly prejudicial delay.[3] Over four years have passed since Plaintiff filed his original complaint, and the parties have long since exchanged extensive information and evidence regarding Plaintiff's surviving claims. Numerous motions, including dispositive motions, have been filed and resolved. Virtually only a settlement conference and trial remain to be completed. Permitting Plaintiff's proposed amendments at this late juncture would severely prejudice Defendants. It

---

[3] The Court is aware that it previously dismissed Plaintiff's constitutional claims based on lack of access to prayer oils for failure to exhaust administrative remedies. (Doc. 59 at 7; Doc. 74 at 5.) Had Plaintiff sought to amend his complaint to add that claim back to this lawsuit in a timely fashion after prison officials allegedly refused to respond to a promptly filed grievance, he likely would have been entitled to do so. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (court will excuse failure to exhaust administrative remedies "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy"). However, Plaintiff did *not* seek to add this claim back in a timely fashion, instead waiting over a year and half after receiving notice of his failure to exhaust before seeking leave to amend. (Doc. 59; Doc. 116.)

would indefinitely delay the imminent resolution of this case, to which the parties and the Court have devoted substantial time and resources, and require Defendants to defend completely new claims in a very old lawsuit.  A court may deny a motion to amend where "delay in amending results in prejudice to the opposing party," *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987); *Birmingham v. Experian Info. Solutions, Inc.*, 633 F.3d 1006, 1020-21 (10th Cir. 2011), and that is certainly the case here.  In short, the Court concludes that Plaintiff's extensive and unfairly prejudicial delay in seeking leave to amend also mandates denial of Plaintiff's motion to amend his complaint.

For all of the above reasons, and for the additional reasons stated in the Magistrate Judge's PFRD, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Objections to Proposed Findings and Recommended Disposition (Doc. 119) are OVERRULED;

2. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 118) are ADOPTED; and,

3. Plaintiff's Motion to Amend Complaint (Doc. 116) is DENIED.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE